## In re FLAMINGO HOTEL CO.

### REICHERT v. BAIRD.

#### No. 5582.

Circuit Court of Appeals, Seventh Circuit.
Feb. 7, 1936.

750

William Reichert, pro se.

George W. Swain, of Chicago, Ill., for appellee.

Joseph Z. Willner, of Chicago, Ill., for Bondholders' Protective Committee.

Before SPARKS, and ALSCHULER, Circuit Judges, and BRIGGLE, District Judge.

SPARKS, Circuit Judge.

This appeal was prosecuted from the denial of a claim for services said to have been rendered in securing a reduction of taxes levied against the debtor's estate. The claim was filed by appellant who states in his brief that he was the owner of some bonds in the debtor corporation. On July 5, 1935, an order was entered allowing certain claims theretofore filed in connection with proceedings under section 77B of the Bankruptcy Act, as added by Act June 7, 1934 (11 U.S.C.A. § 207), and disallowing all others not specifically allowed. Appellant's claim was among the latter group. The reason for the denial of his claim appears in a memorandum filed by the court on June 26, 1935, as follows:

"* * * Reichert has filed a petition wherein he asks that there be paid to him the sum of $530 for services rendered to Joseph H. Barnhardt, Trustee, in and about the reduction of taxes. The court feels that it has adequately compensated Mr. Barnhardt for his services as trustee and that if he procured the help of anyone in and about the performance of his duties, such person will have to look to him for compensation, not to the court."

Appellant's claim sets out that he was an architect, expert appraiser of real estate in Cook County, and of wide experience and skill in the matter of real estate and personal property valuations in Cook County, and in the adjustment of taxable values and rates in that county and the state. He claimed that as a result of his expert knowledge, services, and appraisals, an itemized account of which was set out, there had been effected a reduction of $5,942.99 in the taxes levied against the property of the debtor for the years 1932 and 1933. However, he shows no authority from the court to perform such services.

It will be noted that the permanent trustee who resisted the claim as appellee in this court was not the trustee for whom the services were alleged to have been rendered. Although the petition sets out that the former trustee consulted with appellant to enlist his expert services to prepare a defense to the tax bill, there is nothing in the record to indicate that he ever secured an order from the court to engage appellant for such purposes, or that he ever asked the court to ratify such an engagement previously entered into by him. Certainly if the trustee requires special assistance in performing duties which he himself would be expected to perform in his capacity as trustee, he should obtain leave of the court before obligating the estate to pay for such assistance. From the fact that the court disallowed the claim we assume that such leave was not granted.

Section 77B(c) (9), 11 U.S.C.A. § 207 (c) (9), provides that the judge may allow a reasonable compensation for services rendered in connection with the proceeding and the plan by officers, parties in interest, or other representatives of creditors or stockholders. We think this is to be construed as referring to services directly connected with the plan, and not to those which have to do with the operation of the business or the administration of the estate while the plan is being formulated.

We find nothing in the record that could justify this court in reversing the order of the District Court as to the claim.

Order affirmed.